UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
MATTHEW KRONENBERG,

        Plaintiff,

-against-

THE CITY OF NEW YORK,
DEBBIE BROWN and TYRANE ISAAC,

        Defendants.
---------------------------------X

09 3805

COMPLAINT

Plaintiff Demands
Trial By Jury

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 0 2 2009 ★
BROOKLYN OFFICE

GARAUFIS, J.

J. ORENSTEIN, M.J.

    Plaintiff, by his attorneys Sivin & Miler, LLP, complaining of defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

    1. That this Court has jurisdiction over this action between plaintiff and defendants, in that the action arises under 42 USC § 1983.

    2. That at all times herein mentioned, defendant The City of New York (hereinafter "the City") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

    3. That prior to the institution of this action and within ninety (90) days from the date when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the City on behalf of plaintiff, that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and the City has neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

    4. That at all times herein mentioned, the City operated, controlled and maintained a police force known as the New York Police Department.

    5. That at all times herein mentioned, Debbie Brown (hereinafter "Brown") was and is a police officer employed by the New York Police Department.

6. That at all times herein mentioned, Brown was acting within the scope and course of her employment with the New York Police Department, and under color of state law.

7. That at all times herein mentioned, Tyrane Isaac (hereinafter "Isaac") was and is a police officer employed by the New York Police Department.

8. That at all times herein mentioned, Isaac was acting within the scope and course of his employment with the New York Police Department, and under color of state law.

9. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(False Arrest/Imprisonment)

10. Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

11. That on or about June 12, 2008, beginning at or around 34-30 10th Street, in the County of Queens, City and State of New York, the City, its agents, servants and employees, including Brown and Isaac, wrongfully and falsely arrested, imprisoned and detained plaintiff without any right or justifiable grounds therefor.

12. That the aforesaid arrest, detention and imprisonment continued at various locations until on or about June 14, 2008.

13. That the said arrest, detention and imprisonment was caused by the City, its agents, servants and employees, including Brown and Isaac, without a warrant and without any reasonable cause or belief that plaintiff was in fact guilty of any crime.

14. That the City, its agents, servants and employees, as set forth above, intended to confine plaintiff; that plaintiff was conscious of the confinement; that plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

15. That by reason of the false arrest, imprisonment and detention of plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, and was

greatly injured in his credit and circumstances and was prevented and hindered from performing and transacting his necessary affairs and business and employment, and was caused to suffer much pain in both mind and body, and to sustain economic loss, all to his damage in the amount of $2,000,000.00.

## SECOND CAUSE OF ACTION AGAINST BROWN AND ISAAC
(42 USC §1983 Arising From False Arrest)

16. Plaintiff repeats and realleges each and every allegation contained in the First Cause of Action as if fully set forth at length herein.

17. That by reason of the aforesaid false arrest and imprisonment, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, including rights guaranteed by the Fourth Amendment to the United States Constitution, by those who, under color of a statute or regulation of a state, caused plaintiff to be so deprived, and plaintiff therefore is entitled to monetary compensation pursuant to 42 USC § 1983 in the amount of $2,000,000.00.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Malicious Prosecution)

18. Plaintiff repeats and realleges each and every allegation contained in the First and Second Causes of Action as if fully set forth at length herein.

19. That following his arrest, plaintiff was wrongfully, falsely and maliciously charged by defendants and prosecuted with various crimes of which he was innocent.

20. That the aforesaid prosecution was based, in part, on oral and written statements made by Brown and Isaac maliciously and with knowledge that the statements were false.

21. That as a result thereof, plaintiff was required to appear in court to defend against these wrongful charges.

22. That on or about September 3, 2008, the aforesaid charges against plaintiff were dismissed on the merits and the criminal proceeding resulted in a termination favorable to plaintiff.

23. That as a result of the aforesaid malicious prosecution, plaintiff was subjected

to great indignities, humiliation and ridicule, was greatly injured in his credit and circumstances and was prevented and hindered from performing and transacting his necessary affairs and business and employment, and was caused to suffer much pain in both mind and body, and to sustain economic loss, all to his damage in the amount of $2,000,000.00.

### FOURTH CAUSE OF ACTION AGAINST BROWN AND ISAAC
(42 USC §1983 Arising From Malicious Prosecution)

24. Plaintiff repeats and realleges each and every allegation contained in the First, Second and Third Causes of Action as if fully set forth at length herein.

25. That by reason of the aforesaid malicious prosecution, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, including rights guaranteed by the Fourth Amendment to the United States Constitution, by those who, under color of a statute or regulation of a state, caused plaintiff to be so deprived, and plaintiff therefore is entitled to monetary compensation pursuant to 42 USC § 1983 in the amount of $2,000,000.00.

### FIFTH CAUSE OF ACTION AGAINST THE CITY
(Negligent Supervision, Training and Retention)

26. Plaintiff repeats and realleges each and every allegation contained in the First, Second, Third and Fourth Causes of Action as if fully set forth at length herein.

27. That the aforesaid false arrest and malicious prosecution were the result of the negligence of the City in its supervision, training, and retention of Brown and Isaac, all to plaintiff's damage in the amount of $4,000,000.00.

### SIXTH CAUSE OF ACTION AGAINST THE CITY
("Monell" Claim re Negligent Supervision, Training and Retention)

28. Plaintiff repeats and realleges each and every allegation contained in the First, Second, Third, Fourth and Fifth Causes of Action as if fully set forth at length herein.

29. That the City's negligent supervision, training, and retention of Brown and Isaac arose to the level of deliberate indifference to the consequences of its actions, and indifference to

plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and plaintiff therefore is entitled to monetary compensation pursuant to 42 USC § 1983 in the amount of $4,000,000.00.

WHEREFORE, plaintiff demands judgment against defendants, and each of them, as follows: ON THE FIRST CAUSE OF ACTION: Two Million ($2,000,000.00) Dollars; ON THE SECOND CAUSE OF ACTION: Two Million ($2,000,000.00) Dollars; ON THE THIRD CAUSE OF ACTION: Two Million ($2,000,000.00) DOLLARS; ON THE FOURTH CAUSE OF ACTION: Two Million ($2,000,000.00) Dollars; ON THE FIFTH CAUSE OF ACTION: Four Million ($4,000,000.00) Dollars; ON THE SIXTH CAUSE OF ACTION: Four Million ($4,000,000.00) Dollars; and plaintiff demands punitive damages on all causes of action, in an amount to be determined by the trier of fact, together with attorney's fees pursuant to 42 USC § 1988, and together with costs and disbursements.

Dated: New York, New York
September 1, 2009

Yours, etc.
SIVIN & MILLER, LLP

By_____
Edward Sivin (ES 7351)
Attorneys for Plaintiff
170 Broadway, Suite 600
New York, NY 10038
(212) 349-0300